CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VIRGINIA W. GRIFFIN, ) | |
| ) | Civil Action No. 7:08CV00217 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LSF4 HOTEL TENANT, LLC, et al. ) | |
| LONE STAR FUND, IV LP, ) | OPINION |
| STONEBRIDGE REALTY ADVISORS, INC., ) | |
| LONE STAR FUND IV, LP, d/b/a ) | |
|    WYNDHAM ROANOKE AIRPORT ) | |
|    HOTEL, and ) | |
| ROANOKE LODGING, LLC d/b/a ) | |
|    ROANOKE PLAZA HOTEL, ) | |
| ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

On May 2, 2008, Stonebridge Realty Advisors, Inc. ("Stonebridge") and Roanoke Lodging, LLC ("Roanoke Lodging") filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the court should dismiss plaintiff Virginia W. Griffin's Second, Third, and Fourth claims for relief. Griffin opposed on May 20, 2008, and the parties argued the matter on June 25, 2008. At the conclusion of the hearing, the court dismissed Claim Three after plaintiff's concession, and took the rest of the defendants' motion under advisement. (See Dkt. No. 13). Upon review of the record, the court finds that plaintiff's Second and Fourth claims for relief must likewise be dismissed.

I.

Griffin brought suit against six defendants,[1] alleging five claims of relief for injuries from

---

[1] Only five defendants remain, as the Wyndham Roanoke Airport Hotel was dismissed from the case due to failure of service. (See Dkt. No. 25).

1

a stay at the Roanoke Plaza Hotel on March 5, 2006. Griffin was allegedly using the desk in her hotel room, when it pulled away from the wall and fell on top of her. Griffin alleges that the desk had been attached to adjacent furniture only with Velcro, yet the room was advertised as computer/Internet ready. Griffin further alleges that the hotel staff knew of the desk's unsafe condition at the time, but refrained from taking any action because the desk fixtures were scheduled to be renovated in a few months.

## II.

The court has subject matter jurisdiction, as it appears that the matter is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this diversity action, the court will apply Virginia substantive law. See Erie Railroad v. Tompkins, 304 U.S. 64 (1938).

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. It does not resolve disputes "surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint should not be dismissed as failing to state a claim "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001) (citation omitted).

## III.

In Claim Two, Griffin alleges that the defendants had "an absolute duty [of care], to repair or move the 'desk' but made no such efforts." (Complaint, ¶ 29). In support of this claim,

2

Griffin relies upon language from Kirby v. Moehlman, where the Virginia Supreme Court stated that "[t]he qualified duty of ordinary care may become an absolute duty and does become an absolute duty where a proprietor knew or should have known of a danger that might have been easily removed." 182 Va. 876, 885, 30 S.E.2d 548, 551 (1944). The court holds that this statement of law cannot give rise to an independent cause of action, as an "innkeeper . . . is [not] an absolute insurer of the guest's . . . personal safety." Taboada v. Daly Seven, Inc., 271 Va. 313, 326, 626 S.E.2d 428, 434 (2006) (citation omitted).[2] However, Kirby's "absolute duty" language may be warranted as a jury instruction for Griffin's claim of ordinary negligence (Claim One—not challenged in the motion to dismiss) depending upon how the case develops.[3]

In Claim Four, Griffin alleges that the defendants breached an implied warranty that the desk in question was suitable for its intended purpose. Though there is no Virginia authority that directly deals with the question of whether such a cause of action can lie against innkeepers, the Fourth Circuit decided against "find[ing] that the Virginia [Supreme Court] would make a special rule in favor of an innkeeper's warranty," reasoning that "while an innkeeper is often held to a specially high duty of care, the general rule, nationally, falls short of warranty." Ely v. Blevins, 706 F.2d 479, 481 (4th Cir. 1983).

Plaintiff's argues that Ely was limited to its facts, and did not overrule the Fourth Circuit's determination in Schnitzer v. Nixon, 439 F.2d 940 (1971) that an implied warranty

---

[2] The court's dismissal of Count Two moots Stonebridge's and Roanoke Lodging's separate and specific objection to paragraphs 36 and 37 of the Complaint.

[3] As elucidated by the Virginia Supreme Court in Kirby, the concept of negligence is a fluid one, and the degree of care required can vary depending upon the particular factual circumstances of a case. 182 Va. at 884, 30 S.E.2d at 551 ("While the common definition of negligence is the failure to use such care as an ordinarily prudent person would exercise under the same or similar circumstances, still negligence is a relative term and the degree of care in fact should be greater or less commensurate with the circumstances.") (quoting Eastern Shore of Virginia Agricultural Ass'n v. LeCato, 151 Va. 614, 619, 144 S.E. 713, 714 (1928)).

3

cause of action may lie against innkeepers in Virginia. (See Pl's Opp. Br. at 6 ("The Ely court was very careful to state that 'under these circumstances' (i.e. under the facts of the Ely case) there was no cause of action for breach of implied warranty of fitness for a particular purpose.")). The court disagrees. In Ely, the Fourth Circuit did overrule Schnitzer, and based this change principally upon an intervening and related Virginia Supreme Court case—Leake v. Meredith, 221 Va. 14, 267 S.E.2d 93 (1980)—not Ely's specific facts. 706 F.2d at 481 ("It is true that the [Leake] court did not say, in so many words, that there was no common law implied warranty in addition to statutory warranties under the Code, but certainly its failure to find one would seem an eloquent omission. We do not feel, under these circumstances . . . ." (emphasis added)). Given that plaintiff has provided no Virginia case since Ely finding that an implied warranty cause of action exists with respect to innkeepers, the court finds that Claim Four must be dismissed.

**IV.**

For the stated reasons, Stonebridge's and Roanoke Lodging's motion to dismiss (Dkt. No. 3) is **GRANTED** with respect to plaintiff's Second and Fourth claims.

The Clerk is directed to send a copy of this opinion and accompanying order all counsel of record.

ENTER: This 13th day of February, 2009.

*/s/ James C. Turk*
Senior United States District Judge